IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-341-D |
| ) | |
| CLEVELAND DAVID HALL, II, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss the Indictment as Unconstitutional [Doc. No. 23]. Defendant argues the Second Amendment of the United States Constitution protects his right, as a felon, to possess a firearm in violation of 18 U.S.C. § 922(g)(1). According to Defendant, § 922(g)(1) is unconstitutional.

Defendant stands charged in a one-count indictment of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his motion, Defendant argues that § 922(g)(1) is unconstitutional because the government cannot satisfy the burden it must meet "when seeking to regulate and criminalize weapon related offenses" [Doc. No. 23] as set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). But as Defendant acknowledges, there is binding precedent on this matter.

Upon consideration, the motion is denied. The Tenth Circuit's holding in *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025), *petition for cert. filed* (U.S. May 12, 2025) (No. 24-1155) controls. There, the Circuit Court analyzed Supreme Court precedent—including *Heller*, *Bruen*, and *Rahimi*—as well as Tenth Circuit precedent in *United States v. McCane*,

1

573 F.3d 1037, 1047 (10th Cir. 2009). The Circuit Court ultimately "upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies." *Vincent*, 127 F.4th at 1266; *see also District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("nothing in [*Heller*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"). According to the Circuit Court, district courts need not engage in "an individualized inquiry concerning felons." *Vincent*, 127 F.4th at 1266 (citations omitted) (applying § 922(g)(1) to a criminal defendant convicted of bank fraud).

This Court "must follow the precedent of this circuit." *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Indictment as Unconstitutional [Doc. No. 23] is **DENIED**.

**IT IS SO ORDERED** this 17th day of November, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge