IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-341-D |
| ) | |
| CLEVELAND DAVID HALL, II, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Before the Court is the United States' Motion *in Limine* to Pre-Admit Document Related to Defendant's Prior Conviction into Evidence [Doc. No. 49]. The government also filed a Supplemental Motion *in Limine* Related to Admitting Defendant's Prior Conviction into Evidence [Doc. No. 57]. Defendant did not respond to the motion or supplemental motion.

**BACKGROUND**

Defendant was charged in an Indictment [Doc. No. 8], with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). It is alleged that on or about August 5, 2025, Defendant, Cleveland David Hall, II, with knowledge that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm which was in and affecting interstate or foreign commerce in that said firearm had previously crossed state lines to reach Oklahoma.

In its motion in limine, the government seeks to pre-admit into evidence a certified copy of Defendant's previous judgment in a criminal case. In its supplemental motion in

1

limine, the government seeks to pre-admit into evidence additional documents related to Defendant's previous term of incarceration.

## DISCUSSION

Motions in limine are not formally recognized under the Federal Rules; however, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Some in limine rulings are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, a "district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

Federal Rule of Evidence 803(22) provides an exception to the rule against hearsay. It states:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> > **(22) *Judgment of a Previous Conviction*.** Evidence of a final judgment of conviction if:

> (A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea;
>
> (B) the conviction was for a crime punishable by death or by imprisonment for more than a year;
>
> (C) the evidence is admitted to prove any fact essential to the judgment; and
>
> (D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.
>
> The pendency of an appeal may be shown but does not affect admissibility.

FED. R. EVID. 803(22).

Further, Federal Rule of Evidence 902(4) provides that certain documents are self-authenticating. Specifically,

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> **(4) *Certified Copies of Public Records*.** A copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law – if the copy is certified as correct by:
>
> > (A) the custodian or another person authorized to make the certification; or
> >
> > (B) a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court.

FED. R. EVID. 902(4).

The government first filed its motion in limine seeking to pre-admit into evidence a certified copy of Defendant's previous judgment in a criminal case—CR-11-270-JRH-

3

BKE—imposed on January 22, 2014, in Georgia.[1] The government then filed a supplemental motion seeking to also pre-admit documents related to Defendant's previous Georgia conviction—including, the original judgment and commitment, a photograph of Defendant, a copy of Defendant's fingerprints, height and weight descriptions of Defendant, Defendant's personal identifying information, and a Certificate of Record signed by the custodian of records at BOP Federal Correction Institution (FCI) Jesup.

The government argues that the previous judgment is admissible as an exception to the rule against hearsay pursuant to Federal Rule of Evidence 803(22). Further, the government argues that this document is self-authenticating because it was certified as a true copy of a public record by Clerk of Court John Triplett [Doc. No. 54]. The Court agrees with the government that the certified copy of Defendant's previous judgment is admissible as an exception to the rule against hearsay and that it is self-authenticating under Federal Rule of Evidence 902(4). Therefore, the exhibit shall be pre-admitted into evidence.[2]

In its supplemental motion, the government argues that the judgment, photograph of Defendant, and fingerprints of Defendant are self-authenticating in that they are copies of an official record and document recorded in a public office and have been certified as correct by the case management coordinator and official custodian of records at FCI Jesup, David Nogle [Doc. No. 57]. The government further argues that the certificate is self-authenticating under 902(4)(B) because the certificate complies with a federal statute. 18 U.S.C. § 4004

---

[1] Defendant pled guilty to: (1) conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine hydrochloride; and (2) possession with intent to distribute 5 or more kilograms of cocaine.

[2] The Defendant has refused to stipulate to the fact of his prior felony conviction.

states "[t]he wardens and superintendents, associate wardens and superintendents, chief clerks, and record clerks, of Federal penal or correctional institutions, may administer oaths to and take acknowledgments of officers, employees, and inmates of such institutions, but shall not demand or accept any fee or compensation therefor." The Court agrees with the government that the documents related to Defendant's previous conviction are self-authenticating and shall be pre-admitted into evidence.

## CONCLUSION

For these reasons, the United States' Motion in Limine to Pre-Admit Document Related to Defendant's Prior Conviction into Evidence [Doc. No. 49] and Supplemental Motion in Limine Related to Admitting Defendant's Prior Conviction into Evidence [Doc. No. 57] are **GRANTED**.

**IT IS SO ORDERED** this 12th day of January, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge